IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

JONATHAN C. GASKINS,              )
                                  )
          Petitioner,             )
                                  )
     v.                           )          CV 315-094
                                  )          (Formerly CR 313-007)
UNITED STATES OF AMERICA,         )
                                  )
          Respondent.             )
_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at the Federal Correctional Institution in Yazoo City, Mississippi, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

## I.      BACKGROUND

### A.      Indictment

On August 7, 2013, a grand jury in the Southern District of Georgia charged Petitioner with conspiracy to distribute and to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(C), and (b)(1)(D) (Count One), and felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Four). United States v. Gaskins, CR 313-007, doc. no. 1 (S.D. Ga. Aug. 7, 2013) ("CR 313-007"). Petitioner retained attorney Harold D. McLendon to represent him. (Id.,

doc. nos. 22, 23.)

**B.     Agreement to Plead Guilty**

On December 18, 2013, Petitioner pleaded guilty to Count One.  (Id., doc. no. 55.)

The plea agreement contained a waiver of appeal as follows:

> The defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.  The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Id. at 4-5.)  Petitioner attested he had carefully reviewed the plea agreement with his attorney and understood it.  (Id. at 13.)

**C.     Change of Plea Hearing**

During the change of plea hearing, Judge Dudley H. Bowen Jr. established Petitioner's competence to enter a guilty plea if he desired.  (Id., doc. no. 104, p. 9.) Petitioner also testified under oath he had adequate time to discuss his case with his attorney and was entirely satisfied with the services rendered by Mr. McLendon.  (Id. at 10.)  Next, Judge Bowen asked if Petitioner understood the charges and the maximum penalties as announced by the Assistant United States Attorney.  (Id. at 15, 22.)  Petitioner confirmed he understood the charges and the maximum possible penalties, which included up to twenty years in prison.  (Id. at 22.)  Judge Bowen also explained the rights Petitioner would be waiving by pleading guilty, and Petitioner affirmed he clearly understood those rights.  (Id. at 25.)

Among the rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Id. at 23-24.) Petitioner affirmed no one had forced, threatened, or pressured him to plead guilty, (id. at 25) nor had anyone guaranteed, predicted, or prophesied Petitioner would receive a specific sentence. (Id. at 38-39.) Petitioner also affirmed no one had given him any promise, any deal or hope of benefit in order to convince him to plead guilty aside from what was in the plea agreement. (Id. at 28.)

In addition, Judge Bowen reviewed the waiver provision in Petitioner's plea agreement, informing Petitioner he had "agreed to waive any right to appeal," and Petitioner was "forever giving up any right to challenge or contest the fact of conviction, that is, guilt or innocence." (Id. at 26.) However, Judge Bowen explained Petitioner could appeal if Petitioner was sentenced above the guideline range or above the statutory range. (Id. at 26-27.) Petitioner confirmed he understood. (Id. at 28.)

Judge Bowen reviewed the charges and heard the factual basis for Petitioner's guilty plea from Special Agent James Jaskolka with the Drug Enforcement Agency. (Id. at 29.) SA Jaskolka testified that in July 2012, confidential informants were used to arrange the purchase of powder cocaine, crack cocaine, oxycodone, and marijuana from Petitioner and three co-defendants. (Id. at 30-31.) SA Jaskolka testified as a result of their investigation, law enforcement seized 2.80 kilograms of crack cocaine. (Id.) SA Jaskolka further testified Petitioner supplied his three co-defendants with the illegal narcotics. (Id. at 33.) When Judge Bowen asked Petitioner if he disagreed with SA Jaskolka's testimony, Petitioner testified he did not supply all three of his co-defendants, but admitted to supplying at least

one of them.  (<u>Id.</u> at 37-38.)  Finding a sound factual basis for Petitioner's guilty plea, Judge Bowen accepted Petitioner's guilty plea in writing.  (<u>Id.</u> at 40.)

### D.    Sentencing

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's base offense level at thirty-four, pursuant to U.S.S.G. §2D1.1 (c)(3) because Petitioner's offense involved a minimum total of 1.0116 kilograms of cocaine base.  (PSI ¶ 34.)  Regardless, Petitioner was designated a career offender under § 4B1.1(b) because Petitioner was at least eighteen years of age at the time of the offense, the offense was a felony, and Petitioner had at least two prior felony convictions for controlled substance offenses.  (PSI ¶¶ 47, 49, 40.)  Because Petitioner was a career offender, his offense level was automatically set at thirty-four.  (PSI ¶ 40.)  This offense level was decreased three points for acceptance of responsibility to thirty-one.  (PSI ¶¶ 41, 42); U.S.S.G. §3E.1.1.  As a career offender, Petitioner received a criminal history category score of VI.  (PSI ¶¶ 76-77); U.S.S.G. § 4B1.1(b).   In light of Petitioner's acceptance of responsibility, Petitioner's advisory guideline range was between 188 and 235 months imprisonment.  (PSI ¶ 77.)

At sentencing on July 29, 2014, Judge Bowen dismissed Count Four, felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and sentenced Petitioner to 180 months of incarceration, five years supervised release, a $3,000.00 fine, and a $100.00 special assessment.  (CR 313-007, doc. no. 80.)

### E.    Subsequent Proceedings

On August 5, 2014, Petitioner filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit.  (<u>Id.</u>, doc. no. 87.)  On March 2, 2015, the Eleventh Circuit granted the government's motion to dismiss the appeal pursuant to the appeal waiver in

Petitioner's plea agreement. (Id., doc. no. 124.) Petitioner timely filed this 28 U.S.C. § 2255

motion on November 2, 2015, wherein Petitioner asserts four grounds for relief:

    I.        Counsel was ineffective for promising Petitioner a sentence of 120-150 months, leading to an unknowing and involuntary plea agreement.

    II.       Counsel was ineffective for failing to contest the career offender application under Johnson v. United States.

    III.     Counsel was ineffective for failing to effectively challenge the factually unsupported drug quantity wrongly attributed to Petitioner in his sentence calculation.

    IV.     Petitioner is entitled to retroactive application of Guideline Amendment 782.

(Id., doc. no. 137, p. 18.)

Respondent asserts Petitioner was not denied effective assistance of counsel,

Petitioner's guilty plea was knowing and voluntary, and Petitioner's claims are barred by the

collateral attack waiver, procedurally defaulted, or meritless. (Id., doc. no. 145.)

## II.    DISCUSSION

### A.    There is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the

motion and the files and records of the case conclusively show that the prisoner is entitled to

no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims

or those which are based upon unsupported generalizations. Nor is a hearing required where

the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United

States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).

While ineffective assistance of counsel claims often require a hearing for

development of an adequate record, an evidentiary hearing is not required every time such a

claim is raised.  Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984).  Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

**B.      Petitioner Is Not Entitled to Relief on His Ground One Ineffective Assistance Claim.**

Petitioner claims in Ground One his guilty plea was unknowing and involuntary because counsel guaranteed a sentence between 120 and 150 months.  (Doc. no. 1, p. 18.) This assertion, if found to have merit, would cast doubt not only on the validity of the appeal and collateral attack waiver, but also the knowing and voluntary nature of the entirety of the guilty plea.

A defendant cannot waive a claim alleging ineffective assistance during plea negotiations.  Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004); see also Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement.").  This is so because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement." Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  However, as discussed infra, the Court determines Petitioner's ineffective assistance claim in Ground One forms no basis for relief.

### 1. Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of <u>Strickland</u> by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Strickland</u>, 466 U.S. at 697; <u>see</u> <u>Brooks v. Comm'r, Ala. Dep't of Corr.</u>, 719 F.3d 1292, 1301

(11th Cir. 2013).  Under the prejudice prong of <u>Strickland</u>, a petitioner must show "that there

'is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome.'" <u>Brooks</u>, 719 F.3d at 1300 (quoting <u>Strickland</u>, 466

U.S. at 694).  As the Eleventh Circuit has ruled, a petitioner must affirmatively prove

prejudice that would undermine the results of the proceedings because "attorney errors come

in an infinite variety and are as likely to be utterly harmless in a particular case as they are to

be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding

is insufficient to show prejudice." <u>Butcher v. United States</u>, 368 F.3d 1290, 1293 (11th Cir.

2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); <u>Stephens v.</u>

<u>Sec'y, Fla. Dep't of Corr.</u>, 678 F.3d 1219, 1225 (11th Cir. 2012), <u>cert. denied</u>, 133 S. Ct. 484

(2012).  In assessing whether a petitioner has met this standard, the Supreme Court has

emphasized the "fundamental interest in the finality of guilty pleas." <u>Hill</u>, 474 U.S. at 58.

Therefore, Petitioner must show both that counsel's representation fell below an objective

standard of reasonableness, *and* that there is a reasonable probability that but for counsel's

errors, he would have insisted on going to trial. <u>Id.</u> at 56-59.

### 2. Petitioner Has Not Shown Entitlement to Relief Based on the Claim He was Misled About Sentencing Exposure.

Petitioner argues counsel coerced him into pleading guilty by assuring Petitioner a

guaranteed sentencing range between 120 to 150 months.  (Doc. no. 1, p. 20.)  The  Eleventh

Circuit has established that counsel's erroneous estimation of a sentencing guideline does not entitle a petitioner to relief because an erroneous estimate is not necessarily indicative of ineffective assistance. <u>Beckham v. Wainwright,</u> 639 F.2d 262, 265 (5th Cir. 1981). So long as the Rule 11 court correctly advises a defendant of the minimum and maximum penalties he faces as a result of pleading guilty, a petitioner fails to establish prejudice by alleging counsel gave erroneous advice about the sentence he might receive or the possibility for enhancements under the guidelines. <u>See</u> <u>United States v. Wilson</u>, 245 F. App'x 10, 11-12 (11th Cir. 2007) ( *per curiam*) (no prejudice where counsel's deficient advice about possible sentencing implications was "cured" by district court, which explained "the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting [the] guilty plea"); <u>see also</u> <u>United States v. Shedrick</u>, 493 F.3d 292, 300 (3rd Cir. 2007) (district court correctly denied § 2255 claim counsel was ineffective for failing to advise petitioner of "the potential for an enhancement or upward departure" where such failure was "corrected by the written plea agreement and the detailed in-court plea colloquy, both of which accurately stated [the petitioner's] potential sentence"); <u>United States v. Herrington</u>, 350 F. App'x 363, 369 (11th Cir. 2009) (*per curiam*) (affirming district court's refusal to allow withdrawal of guilty plea because judge at plea hearing set forth maximum possible penalties and court not bound by counsel's sentencing estimates).

At the Rule 11 proceedings, prior to accepting Petitioner's guilty plea, Judge Bowen reviewed the possible statutory penalties for the charges to which Petitioner was pleading guilty. (CR 313-007, doc. no. 104, p. 22.) The Court reviewed the maximum penalties for Count One, including twenty years of imprisonment, and Petitioner affirmed he understood. (<u>Id.</u> at 15, 22, 26.) Judge Bowen reviewed the rights Petitioner would be forfeiting by

pleading guilty, including the presumption of innocence, the right to confront and cross-examine witnesses, and the right to self-incrimination. (<u>Id.</u> at 23-24.) Petitioner affirmed he understood. (<u>Id.</u>) When Judge Bowen asked Petitioner if anyone had guaranteed, predicted, or prophesied Petitioner would receive a specific sentence, Petitioner responded "no, sir." (<u>Id.</u> at 38-39.)

Thus, it is clear Petitioner knew prior to entering his guilty plea he faced a maximum penalty of twenty years imprisonment for pleading guilty to the lesser included offense in Count One, regardless of whether, as he now claims, counsel told him his sentence would be between 120 and 150 months. (<u>Id.</u> at 26.) Furthermore, given Petitioner's sworn testimony he had not been promised a specific sentence and he understood the possible penalties, he cannot now claim counsel made incorrect promises about his sentence that induced Petitioner to plead guilty. Because Petitioner's claims in his declaration in support of his motion to vacate are entirely contradicted by his sworn testimony in his Rule 11 colloquy, Petitioner is also not entitled to an evidentiary hearing. <u>See</u> <u>Holmes</u>, 876 F.2d at 1553.

Furthermore, Petitioner never avers that but for counsel's advice, he would have proceeded to trial. (Doc. no. 1, pp. 19-20.) Instead, Petitioner merely argues he would have received a less severe sentence but fails to explain how or why. (<u>Id.</u> at 20.) Thus, because Petitioner has not argued there is a reasonable probability that but for counsel's alleged errors he would not have pleaded guilty and would have gone to trial, he has not shown ineffective assistance. <u>See</u> <u>Hill</u>, 474 U.S. at 59. Therefore, Petitioner fails to carry his heavy burden to show prejudice under the second prong of <u>Strickland</u>, and his ineffective assistance of counsel claim in Ground One does not afford relief.

**C.     Petitioner's Guilty Plea was Knowingly and Voluntarily Entered.**

Having determined Petitioner did not receive constitutionally ineffective assistance of counsel, the Court will lastly address any implication derived from the § 2255 motion that Petitioner's guilty plea was otherwise not knowingly and voluntarily entered.

**1.     Standard for Enforceability of Guilty Pleas.**

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only challenge the knowing, voluntary nature of the plea. United States v. Broce, 488 U.S. 563, 569 (1989). In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). The Eleventh Circuit has described the requirements for a valid guilty plea as follows: "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights. A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense." United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997). A guilty plea may be involuntary in a constitutional sense if a defendant is coerced into his plea, if a defendant does not understand the nature of the constitutional protections he is waiving, or "if a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Id. Thus, a defendant must receive "real notice of the true nature of the charged crime." Id.

The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address

three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (*per curiam*) (citations omitted). In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error [under Rule 11 of the court accepting the guilty plea], he would not have entered the plea." Id. at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

### 2.      Judge Bowen's Colloquy with Petitioner Satisfied the Three Core Principles Required for Acceptance of a Guilty Plea.

Judge Bowen informed Petitioner in clear terms of the charges to which he was pleading guilty, as well as the penalties that might be imposed in the event of Petitioner's conviction, and Petitioner testified he understood the charges and penalties. (CR 313-007, doc. no. 104, pp. 15, 22.) Petitioner also admitted to the facts presented by the government as the factual basis for the pleas and told Judge Bowen he wanted to plead guilty. (Id. at 37-38.) Judge Bowen provided a detailed explanation of the rights Petitioner would forfeit by pleading guilty, and Petitioner affirmed he understood his decision to plead guilty would result in a waiver of these rights. (Id. at 23-24.) Petitioner testified no one had made him any promises other than those contained in the plea agreement to get him to plead guilty, and his decision to plead guilty was not the result of force, pressure, threats or promises. (Id. at 25, 28.) Petitioner also testified that he had reviewed his case with counsel and was satisfied with the help he had received from counsel. (Id. at 9-10.) Thus, Judge Bowen's thorough plea colloquy ensured Petitioner understood both the nature of the charges and the consequences of his guilty plea, and that Petitioner was not coerced into pleading guilty. See

Moriarty, 429 F.3d at 1019. Petitioner has not argued, let alone shown a reasonable probability that but for any alleged error at the Rule 11 proceeding he would not have entered his guilty pleas. See Dominguez Benitez, 542 U.S. at 83.

As such, Petitioner will not now be heard to claim his guilty plea was not knowingly and voluntarily entered. His assertions are contradicted by the record of the Rule 11 hearing and Petitioner's sworn testimony at that proceeding. See United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (noting that "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely").

### D. Petitioner's Valid Collateral Attack Waiver Bars Grounds Two and Three.

Grounds Two and Three are precluded by the waiver provision in the plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence. It is well settled a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); Bushert, 997 F.2d at 1345; see also Vaca-Ortiz, 320 F. Supp. 2d at 1365-67 (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings).

"To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240

F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has demonstrated the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack of his sentence and conviction or the knowing and voluntary nature of his guilty plea. (See CR 313-007, doc. no. 55, pp. 4-5 ("the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground . . . .").) Furthermore, Judge Bowen reviewed Petitioner's plea agreement during the plea colloquy, and specifically referenced the waiver provision. (Id., doc. no. 104, pp. 26-28.) Judge Bowen explained that as a result of the waiver provision, Petitioner was "forever giving up any right to challenge or contest the fact of conviction, that is guilt or innocence." (Id. at 26.) Petitioner acknowledged he understood and agreed to the terms of the plea agreement. (Id. at 28.)

The collateral attack waiver provided for three limited exceptions: Petitioner could file a direct appeal or collateral attack if his sentence (1) exceeded the statutory maximum, or (2) by variance or upward departure, was higher than the advisory sentencing guideline range as found by the sentencing court, or (3) was appealed by the government. (Id., doc. no. 55, pp. 4-5.) Neither of Petitioner's claims in Grounds Two nor Three falls within the exceptions to the collateral attack waiver. In Ground Two, Petitioner claims counsel was ineffective for failing to contest the career offender application under Johnson v. United

States. (Doc. no. 1, p. 18.)  In Ground Three, Petitioner claims counsel was ineffective for failing to challenge the drug quantity attributed to him in his sentence calculation.  (Id.)  These claims do not allege Petitioner's sentence exceeded the statutory maximum or that it was higher than the advisory sentencing guideline range, and are thus barred by the collateral attack waiver.  See Williams, 396 F.3d at 1341-42 (11th Cir. 2005) (precluding claim for ineffective assistance of counsel at sentencing based on valid sentence-appeal waiver).

Thus, the collateral attack waiver bars Petitioner's claims in Grounds Two and Three because they do not fall within the narrow exceptions to the waiver.  See Brown v. United States, 256 F. App'x 258, 262 (11th Cir. 2007) (per curiam) (refusing to consider merits of sentencing argument in § 2255 proceeding based on valid sentence-appeal waiver provision in plea agreement); United States v. Martin, 549 F. App'x 888, 889-90 (11th Cir. 2013) (per curiam) (refusing to consider claims of PSI errors based on knowing and voluntary sentence appeal waiver).  Because Petitioner's claims in Grounds Two and Three do not call into question the validity of his guilty plea or the collateral attack waiver, they are barred by the waiver.  See Williams, 396 F.3d at 1342.  Accordingly, the Court finds Petitioner is not entitled to relief on these grounds.  Even if the collateral attack waiver does not bar these grounds, they are meritless as explained infra.

### E.    Ground Two is Meritless.

In Ground Two, Petitioner argues counsel was ineffective for failing to challenge his career offender designation under Johnson v. United States, 135 S. Ct. 2551 (2015).  (Doc. no. 1, p. 22.)  Even if Petitioner's Ground Two claim was not barred by the collateral attack waiver, it is meritless.

On June 26, 2015, the United States Supreme Court decided <u>Johnson</u>, and found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. <u>Johnson</u>, 135 S. Ct. at 2563. Although the ACCA and sentencing guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," <u>Johnson</u> does not apply to career offender enhancements under the sentencing guidelines. <u>United States v. Matchett</u>, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." <u>Id.</u> In <u>Welch v. United States</u>, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held <u>Johnson</u> is a substantive decision retroactive in cases on collateral review.

Here, Petitioner was not sentenced under the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii), and was not designated a career offender under the ACCA. To the extent Petitioner is arguing <u>Johnson</u> applies to his designation as a career offender under § 4B1.1 of the advisory sentencing guidelines, Petitioner's claim is meritless as <u>Johnson</u> does not apply to § 4B1.1. <u>See</u> <u>Matchett</u>, 802 F.3d at 1194; <u>see also</u> <u>United States v. Kirk</u>, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in <u>Johnson</u> precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

Even presuming *arguendo*, <u>Johnson</u> applies to § 4B1.1 of the guidelines, which the Eleventh Circuit has held it does not, Petitioner would still not be entitled to relief because Petitioner would qualify as a career offender without invocation of the residual clause. The ACCA imposes an enhanced mandatory minimum prison sentence for career offenders if a

defendant convicted of being a felon in possession of a firearm has three or more previous convictions for a violent felony or a serious drug offense.  18 U.S.C. § 924(e)(1).  The ACCA provides three definitions of "violent felony."  Id.  Section 924(e)(2)(B)(i) covers any offense that "has an element the use, attempted use, or threatened use of physical force against the person of another."  This is known as the "elements clause."  In re Rogers, 825 F.3d 1335, 1338 (11th Cir. 2016).  Section 924(e)(2)(B)(ii) covers any offense that is "burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  The first nine words of that subsection are the "enumerated crimes clause," and the remaining words are known as the "residual clause."  Rogers, 825 F.3d at 1338.  Johnson found the residual clause to be so vague as to violate due process.  See 135 S. Ct. at 2557, 2563; Golden v. United States, No. CR614-002, 2016 WL 3647637, at *1 (S.D. Ga. June 30, 2016), report and recommendation adopted, No. CR614-002, 2016 WL 4098345 (S.D. Ga. Aug. 1, 2016).

> Under the guidelines, a defendant is a career offender when:
>
> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense at conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).  The phrase "controlled substance offense" covers similar ground as the ACCA phrase "serious drug offense."  Golden, 2016 WL 3647637, at *2.  However, just as Johnson's logic fails to implicate drug offenses in the ACCA context, it likewise does not apply to career offender designations from predicate "controlled substance offenses" under the Guidelines.  Id.

Here, Petitioner was an adult at the time he committed the offense and his offense was a controlled substance offense. As Petitioner's PSI delineates, Petitioner had at least two prior felony convictions for controlled substance offenses prior to his conviction. (PSI ¶¶ 47, 49.) Petitioner was convicted in 2002 for possession of cocaine with intent to distribute, and was also convicted in 2004 for the sale of cocaine. (Id.) Both prior offenses were controlled substance offenses and were proper predicate offenses for Petitioner's career offender designation under § 4B1.1(a). As Petitioner's predicate offenses were not "violent felonies" under either the ACCA or the guidelines, Johnson does not apply to his sentence.

Furthermore, although Petitioner's counsel objected to Petitioner's career offender designation, these objections were properly overruled at sentencing. (PSI Addendum ¶¶ 7, 8; CR 313-007, doc. no. 105, p. 153.) Accordingly, Petitioner's claims in Ground Two are without merit and Petitioner has not demonstrated his counsel was ineffective.

### F.  Ground Three Is Procedurally Defaulted and Meritless.

Petitioner argues counsel was ineffective for failing to challenge the quantity of drugs attributed to him at sentencing. (Doc. no. 1, p. 23.) As discussed *supra*, the collateral attack waiver bars this claim. Even if the collateral attack wavier did not bar this claim, it is procedurally defaulted and meritless and does not afford Petitioner relief.

Ground Three is procedurally defaulted because Petitioner did not raise it on direct appeal. Failure to raise a claim on direct appeal constitutes default and to overcome a procedural bar, Petitioner must show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains. Brown v. United States, 720 F.3d 1316, 1333 (11th Cir. 2013). "Cause" requires a showing of some external impediment preventing counsel or Petitioner from raising the claim previously. See Weeks

v. Jones, 52 F.3d 1559, 1561 (11th Cir. 1995) (citing McCleskey v. Zant, 499 U.S. 467, 497 (1991)). To demonstrate prejudice, Petitioner "must shoulder the burden of showing, not merely that the errors at his trial [or sentencing] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or sentencing] with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

In the alternative, "[t]he merits of a procedurally defaulted claim may be reached, in very narrowly defined circumstances, if failure to address the claim would result in a 'fundamental miscarriage of justice.'" Berry v. United States, 468 F. App'x 924, 925 (11th Cir. 2012). A fundamental miscarriage of justice has occurred where "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1986); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). Actual innocence "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." McQuiggin v. Perkins, 133 S.Ct. 1924, 1933 (2013) (internal quotations omitted) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see also McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011).

Petitioner has not alleged cause or prejudice to overcome his failure to raise his Ground Three claim on direct appeal. With respect to the actual innocence exception, Petitioner has not presented any evidence, much less new evidence to suggest he did not commit the offense to which he pled guilty such that no reasonable juror would have convicted him. McQuiggin, 133 S.Ct. at 1933. On the contrary, Petitioner's own testimony at the change of plea hearing thoroughly proves he did in fact commit the crime to which he

pled guilty. (CR 313-007, doc. no. 104, pp. 37-38.) Accordingly, Petitioner's claim is defaulted.

Petitioner's claim is also meritless because of Petitioner's status as a career offender under § 4B1.1. Petitioner's offense level was thirty-four under the career offender table in U.S.S.G. § 4B1.1, and at sentencing, Judge Bowen attributed to Petitioner 340.2 grams of crack cocaine, and reduced Petitioner's total offense level to twenty-nine. (Id., doc. no. 105, p. 155.) While Petitioner argues Judge Bowen attributed too much crack cocaine to him, a lower weight attribution would not have resulted in a lower offense level because the minimum offense level allowed under § 4B1.1 for career offenders is thirty-four. (PSI ¶ 40.) Higher drug quantities can increase the offense level above thirty-four, but thirty-four is the lowest allowed. See United States v. Tellis, 748 F.3d 1305, 1306 (11th Cir. 2014) ("The offense level for a career offender is the higher value calculated using U.S.S.G. §§ 2D1.1 and 4B1.1.").

### G. Petitioner's Request for Resentencing Under Amendment 782 Seeks Relief Under 18 U.S.C. § 3582, not 28 U.S.C. § 2255.

In Ground Four, Petitioner argues he is entitled to a sentence reduction based on a retroactive change to the Sentencing Guidelines found in Amendment 782. This Amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 to reduce by two the offense level applicable to many drug trafficking offenses. The change is retroactive, with November 1, 2014 as the effective date for changing the Drug Quantity Table but November 1, 2015 set as the effective date for orders reducing prison terms based on the Amendment. United States v. Peak, 579 F. App'x 888, 891-92 & n.1 (11th Cir. 2014); United States v. McCarthy, No. 8:09-cr-395, 2014 WL 4211306, at *1-2 (M.D. Fla. Aug. 26, 2014).

In general, a judgment of conviction is final once direct appellate review has concluded, and at that point, a sentencing court can only revisit it in limited circumstances. Dillon v. United States, 560 U.S. 817, 824 (2010). Section 3582(c)(2) establishes an exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)" and made retroactive pursuant to § 994(u). In such cases, Congress has authorized courts to "reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. at 824-25 (citing § 3582(c)(2)). Pursuant to this statutory authority, the Sentencing Commission promulgated Amendment 782 and "revised the Drug Quantity Table and chemical quantity tables across drug and chemical types." McCarthy, 2014 WL 4211306 at *2. As noted above, the two-level reduction became effective November 1, 2014.

Petitioner now seeks to obtain the benefit of this retroactively applicable change to the Drug Quantity Table in U.S.S.G. § 2D1.1. However, the proper way to request that reduction is not § 2255, but instead by motion in his criminal case under 18 U.S.C. § 3582(c)(2) for modification of his sentence on the basis of Amendment 782. See Dillon, 560 U.S. at 824-26; McCarthy, 2014 WL 4211306 at *2; see also United States v. Rhone, No. 09-20133-07, 2015 WL 471205, at *7 (D. Kan. Feb. 4, 2015) (dismissing without prejudice claim for Amendment 782 reduction raised in § 2255 motion because "request is more appropriately made by separate motion under Section 3582"); Penaloza v. United States, No. 12 C 8728, 2015 WL 230402, at *7 (N.D. Ill. Jan. 16, 2015) (declining to issue ruling on

request for Amendment 782 reduction in course of § 2255 proceedings because request for "two-point reduction will be ruled on in the criminal case"); <u>Beamon v. United States</u>, No. 2:11-CR-26-B0-1, 2015 WL 4208737, at *3 (E.D.N.C. July 9, 2015) (denying petitioner's request for sentence modification under Amendment 782 as not cognizable under 28 U.S.C. § 2255); <u>Hardin v. United States</u>, No. CR 111-365, 2015 WL 1419173, at *4 (S.D. Ga. Mar. 27, 2015) (finding petitioner's motion for sentence reduction was not properly brought under 28 U.S.C. § 2255).

Here, Petitioner acknowledges the proper method, and the record reflects Petitioner filed his § 3582(c)(2) motion on January 16, 2016. (CR 313-007, doc. no. 119.) Judge Bowen denied relief on April 20, 2015, finding "[Petitioner's] total offense level and guidelines range is controlled by his status as a career offender . . . [Petitioner] is not eligible for a sentence reduction pursuant to . . . Amendment 782." (<u>Id.</u>, doc. no. 128.) Petitioner did not appeal Judge Bowen's denial to the Eleventh Circuit. Instead, Petitioner attempts to use his § 2255 motion to relitigate his 18 U.S.C. § 3582(c)(2) motion, which he cannot do. <u>See</u> <u>Hardin</u>, 2015 WL 1419173 at *4; <u>Beamon</u>, 2015 WL 4208737 at *3.

Even if Petitioner could pursue his § 3582(c)(2) relief in his present § 2255 motion, he would not be entitled to a sentence reduction. Judge Bowen properly denied Petitioner's § 3582(c)(2) motion because Petitioner was found to be a career offender and sentenced under § 4B1.1. <u>See</u> <i>supra</i> Part II.E; (CR 313-007, doc. no. 128, p. 2.) Amendment 782 only lowers offense levels in § 2D1.1 and has no effect on the career-offender base offense levels in § 4B1.1. <u>United States v. Hardiman</u>, 646 F. App'x 852, 855 (11th Cir. 2016). Accordingly, because Amendment 782 does not alter the career-offender guideline range upon which Petitioner was sentenced, he is not entitled to a § 3582(c)(2) reduction. <u>See</u> <u>id.</u>

Accordingly, Petitioner has not demonstrated entitlement to relief on any claim in his motion and it should be denied.

III.    **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 6th day of December, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA