FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 MAR 22 PM 3: 03

CLERK_CAdams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JONATHAN C. GASKINS,          *
                              *
     Petitioner,              *
                              *
     vs.                      *     CV 315-094
                              *     (formerly CR 313-007)
UNITED STATES OF AMERICA,     *
                              *
     Respondent.              *

---

O R D E R

---

In this habeas case brought pursuant to 28 U.S.C. § 2255, Petitioner Jonathan C. Gaskins has attempted to obtain a Certificate of Appealability from the Eleventh Circuit Court of Appeals on two occasions.

On January 18, 2017, this Court entered an Order adopting the United States Magistrate Judge's Report and Recommendation and denying Petitioner's § 2255 petition. In the Adoption Order, this Court denied the issuance of a Certificate of Appealability upon a finding that Petitioner had failed to make a substantial showing of the denial of a constitutional right.[1] (Doc. No. 14.) The Court also notified Petitioner

---

[1] Indeed, a district court is mandated to rule upon the issuance of a Certificate of Appealability in its final order in a § 2255 proceeding. See Rule 11(a) to the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court **must** issue or deny a certificate of

that he could seek a Certificate of Appealability from the Eleventh Circuit Court of Appeals. (Id.)

Thereafter, Petitioner filed a document titled "Certificate of Appealability" with the Eleventh Circuit, which was received by that court on February 13, 2017. The Clerk of Court for the Eleventh Circuit construed the filing as a Notice of Appeal and sent it to this Court for filing as such. The filing included a motion to appoint counsel as well.

The district court clerk duly filed Petitioner's "Certificate of Appealability" as a Notice of Appeal on February 28, 2017, *nunc pro tunc* to February 13, 2017. (See Doc. No. 16.) Thereafter, this Court entered an Order denying the motion to appoint counsel and further explaining that a Certificate of Appealability had already been denied by this Court in its Adoption Order of January 18, 2017. (Order of March 6, 2017, Doc. No. 21.) In its Order, this Court again reminded Petitioner that he could seek a Certificate of Appealability from the Eleventh Circuit Court of Appeals. (Id.) Petitioner therefore re-filed his document titled "Certificate of Appealability"[2] in the Eleventh Circuit as

_____

appealability when it enters a final order adverse to the applicant.") (emphasis added).

[2] Petitioner's "Certificate of Appealability" was captioned in the Eleventh Circuit Court of Appeals, mailed

2

suggested by this Court and contemplated by Rule 11(a) ("If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."). Despite the fact that this Court has already ruled on the matter in its Adoption Order of January 18, 2017, and then explained that it had ruled on the matter in its Order of March 6, 2017, the Clerk of Court for the Eleventh Circuit sent Petitioner's request for a Certificate of Appealability to this Court for ruling.

Upon the foregoing, the Court does not wish to burden Petitioner with having to refile his request for a Certificate of Appealability in the Eleventh Circuit Court of Appeals for a third time. Accordingly, the Clerk is directed to **STRIKE** the motion for Certificate of Appealability (doc. no. 22) from the record and send the motion to the Eleventh Circuit for filing upon its record in Circuit Court Case No. 17-10925 along with a copy of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 22nd day of March, 2017.

UNITED STATES DISTRICT JUDGE

directly to the Eleventh Circuit, and contains the Court of Appeals case number assigned to Petitioner's appeal.